1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    COLBY LEE GIBBS,                              No.  2:21-CV-0820-DMC-P

12              Plaintiff,

13         v.                                        ORDER

14    SHASTA COUNTY SHERIFF, et al.,

15              Defendants.

16

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42

18    U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

19              The Court is required to screen complaints brought by prisoners seeking relief

20    against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

21    § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23    from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24    the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25    statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

26    means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d

27    1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

28    complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

1   rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege

2   with at least some degree of particularity overt acts by specific defendants which support the

3   claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

4   impossible for the Court to conduct the screening required by law when the allegations are vague

5   and conclusory.

6

7                           **I.  PLAINTIFF'S ALLEGATIONS**

8          Plaintiff brings suit against nine Defendants: (1) the Shasta County Sheriff; (2)

9   Eric Magrini, the Shasta County Sheriff (3) Marlar; (4) and Randall Captain, all of whom are

10  responsible for policy procedure and administrative decisions at Shasta County Jail. See ECF No.

11  1, page 3. Plaintiff also brings suit against (5) Adams Badge #498; (6) Leonard Badge #467; and

12  (7) Vazquez, correctional officers at Shasta County Jail. See id. Finally, Plaintiff brings suit

13  against (8) South Badge #405, the Sergeant and Watch Commander at Shasta County Jail; and (9)

14  Jane Doe, a nurse employed by WellPath Corp. See id. According to the Plaintiff, the events

15  giving rise to the complaint occurred at Shasta County Jail. Plaintiff presents one claim.

16          In his claim, Plaintiff alleges that the staff of Shasta County Jail permit unsanitary

17  conditions and knowingly allow inmates to be covered in feces. Id. at 5. Plaintiff states he was

18  rehoused to Administrative Segregation in Shasta County Jail on February 20, 2020, and housed

19  in a double cell with a mentally ill inmate whose hands, clothes, and face are typically covered in

20  feces. Plaintiff claims that he is often "gassed" by other inmates "where they fill up a Zip-Loc bag

21  with feces mixed with urine and put it under [the] door and stomp on it," causing the contents to

22  spill into Plaintiff's cell. Id. at 13. Plaintiff claims, as a result of these living conditions, he

23  contracted several staph infections, sinus infections, and fevers. Id. at 11. Plaintiff did not attach

24  medical documents to the complaint but listed the document numbers of his past five visits to

25  Shasta County Jail Medical between September of 2019 to December of 2020. Id. Regarding

26  Defendants, Plaintiff states that on April 22, 2021, Plaintiff notified Adams #498 and Vazquez of

27  feces that were in the showers, but the showers were not cleaned for over 18 hours. Id. at 5.

28  Plaintiff claims that he appealed his grievances to the highest level. Captain Randall allegedly

1  apologized for the frustrating conditions and that Plaintiff should notify Randall to "write up"

2  Plaintiff's cellmate. Id. at 6. Plaintiff states that Jane Doe did not help with his cellmate when he

3  asked and that Jane Doe said, in reference to Plaintiff's cellmate, "We are fully aware of his

4  personal situational habits." Id.

5

6  ## II.  DISCUSSION

7        It is unclear from the complaint what Plaintiff's alleges each Defendant's

8  affirmative acts are in depriving Plaintiff of his rights. Plaintiff appears to state a cognizable

9  claim under the Eighth Amendment based on conditions of his confinement, but the facts as

10  pleaded do not sufficiently establish a causal link between any named defendant and Plaintiff's

11  claim.

12        To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual

13  connection or link between the actions of the named defendants and the alleged deprivations.  See

14  Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

15  person 'subjects' another to the deprivation of a constitutional right, within the meaning of

16  § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform

17  an act which he is legally required to do that causes the deprivation of which complaint is made."

18  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations

19  concerning the involvement of official personnel in civil rights violations are not sufficient.  See

20  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth

21  specific facts as to each individual defendant's causal role in the alleged constitutional

22  deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

23        The facts as pleaded allege vague claims against Defendants and do not specify

24  how Defendants acts deprived Plaintiff of his constitutional rights. To go forward, the Plaintiff

25  needs to clarify how each Defendant's conduct is linked to the harm Plaintiff suffered. Without

26  more, Plaintiff fails to state a claim under 42 U.S.C. § 1983.

27  / / /

28  / / /

3

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1                Accordingly, IT IS HEREBY ORDERED that:

2                   1.      Plaintiff's original complaint is dismissed with leave to amend; and

3                   2.      Plaintiff shall file a first amended complaint within 30 days of the date of

4    service of this order.

5

6    Dated:  June 11, 2021

7    _____

8    DENNIS M. COTA
     UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28